Honorable John K. Travers Chairman, Board of Election Commissioners for the City of St. Louis 208 South Twelfth Boulevard St. Louis, Missouri 63102
Dear Mr. Travers:
This opinion is in response to your question asking:
 "Under Section 7.035 paragraph 1, page 36 of the Missouri Comprehensive Election Act of 1977 can the election authority legally appoint a person who is a regular employee of the City Public Library who resides outside the limits of the City of St. Louis (St. Louis County) as a Deputy Registration Official?"
Senate Substitute for House Bill No. 101, First Regular Session, 79th General Assembly, is effective under the provisions of Section 1.020, of the Act on January 1, 1978.
Section 7.035 of the Act to which you refer provides:
 "1. Each election authority may appoint persons regularly employed in the office of the clerk of any city, town or village, any department of revenue fee office, or any school, library or other tax supported public agency in its jurisdiction as deputy registration officials.
 "2. Each election authority may appoint any number of additional persons to serve as deputy registration officials. Each such deputy shall be a registered voter in the jurisdiction of the appointing election authority."
The above quoted provision is identically the same to that section as it was originally introduced in House Bill No. 101.
We note that Section 7.040 of the Act provides that each election authority shall have certain duties with respect to registration among them being:
 "3. To designate the times, dates and places or areas for additional voter registration by any deputy appointed pursuant to subsection 2 of section 7.035, and to publicize the times, dates and places or areas of such registration in any manner reasonably calculated to inform the public."
Likewise Section 7.045 of the Act provides that each deputy registration official has certain duties among them being:
 "2. to [sic] conduct registration at his regular place of business throughout the entire year on all usual business days and at the usual office hours in the manner required by this chapter, unless he has been appointed pursuant to subsection 2 of section 7.035, in which case he shall conduct registration during the dates and times and at the places or areas designated by the election authority in the manner required by this chapter."
We believe the last two subsections above quoted distinguish deputies appointed pursuant to subsection 2 of Section 7.035. In view of the fact that both subsections 1 and 2 of Section 7.035 appear to be independent of each other we conclude that the qualification contained in paragraph 2, that such deputy shall be a registered voter in the jurisdiction of the appointing election authority does not apply to deputies appointed under subsection 1.
We are unaware of any other provision in the act which would require a person appointed a deputy under subsection 1 to be a registered voter in the jurisdiction of the appointing authority.
CONCLUSION
It is the opinion of this office that a person appointed a deputy registration official by an election authority under the provisions of subsection 1 of Section 7.035 of Senate Substitute for House Bill No. 101, First Regular Session, 79th General Assembly, effective January 1, 1978, is not required to be a registered voter in the jurisdiction of the appointing election authority.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General